IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JASON JERRELL SMITH                                                             PLAINTIFF

V.                                           CASE NO.: 5:18-CV-05171

SHERIFF TIM HELDER (Washington
County, Arkansas)                                                 DEFENDANT

## ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on August 30, 2018. (Doc. 1). He names as the Defendant Sheriff Tim Helder. Plaintiff alleges his constitutional rights were violated during his incarceration at the Washington County Detention Center ("WCDC"). Plaintiff alleges he was a federal inmate housed in the WCDC for sentencing in April and August of 2018. During that time, he made numerous requests for access to a law library to aid him in "battling numerous . . . charges." *Id.* at 4. He alleges he was informed that WCDC does not have a law library, and he would need to "write a Judge to receive an order to attend an offsite law-library[sic]." *Id.* at 4-5. Plaintiff alleges this denied him his right "to legal material to study in preparation for court proceedings." *Id.* at 4.

Plaintiff proceeds against Defendant Helder in his official capacity. He seeks punitive damages in the amount of $50,000, "which the Washington County Sheriff's

1

Department must use to establish an up to date law library inside of the Washington County Detention Center for state, county, and Federal Inmates." *Id.* at 7

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Plaintiff fails to state a plausible claim for denial of access to the courts based on his allegation that the facility did not maintain a law library. The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not create

2

an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds,* 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram,* 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in a number of ways including, prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).

An inmate has no standing to pursue an access claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis,* 518 U.S. at 351-2; *see also Farver v. Vilches,* 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung,* 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

Here, Plaintiff does not allege that he suffered any prejudice or actual injury because the facility did not maintain a law library. Instead, he merely alleges that he was not able to study in preparation for Court proceedings. Plaintiff is represented by counsel in case number 5:18-cr-50006 for his federal charges in this District. Documents in this case further indicate he has yet to be arraigned in his Tennessee state case, and

therefore, he has not suffered any prejudice in that case, either. See Case No. 5:18-cr-50006, Doc. 30. Finally, with respect to the instant matter, Plaintiff was able to obtain a § 1983 form and submit it successfully to this Court. He therefore fails to state a plausible claim for denial of meaningful access to the courts based on the lack of law library at the WCDC.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The clerk is directed to place a § 1915(g) strike flag on the case.

**IT IS SO ORDERED** on this 28th day of September, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE